# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EDMUND WRIGHT,

    Petitioner,

vs.                                                      Civ. No. 99-1184 MV/WWD

JOE R. WILLIAMS, et al.,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court upon Respondents' Motion to Dismiss, filed December 6, 1999 **[docket # 13]**. Petitioner, who is incarcerated and is proceeding *pro se* and *in forma pauperis*, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is confined pursuant to the judgment, sentence and commitment of the Twelfth Judicial District in the District Court of Otero County for the crimes of possession of cocaine with intent to distribute, several counts of battery on peace officers, and possession of drug paraphernalia. Petitioner was sentenced as a habitual offender to a total of forty-six and a half years incarceration time.

    2. Petitioner alleges three grounds for relief in his federal petition:

(1) that the trial court erred in failing to grant the motion to suppress;

(2) that he was illegally sentenced for multiple convictions as a habitual offender where the conduct arose from a single transaction; and

(3) that his enhanced sentence under the habitual offender statute is illegal pursuant to "Rule 11-609."

    3. Respondent acknowledges that these three grounds are exhausted. However, on

November 2, 1999, Petitioner supplemented[1] his petition with several claims of ineffective assistance of counsel. Respondent points out correctly that none of these claims were ever presented to the state court, although Petitioner did raise an ineffective assistance claim based on a separate ground, i.e., failure to challenge the jury panel.

4. Under the doctrine of exhaustion, a state prisoner must generally exhaust available state court remedies before filing a habeas corpus action in federal court. See Picard v. Connor, 404 U.S. 270, 275 (1971); Hernandez v. Starbuck, 69 F.3d 1089, 1092-93 (10th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 1855, 134 L.Ed.2d 954 (1996). The exhaustion doctrine requires a state prisoner to fairly present his claims to the state courts before a federal court will examine them. Picard, 404 U.S. at 275, 92 S.Ct. at 511. Ordinarily, the failure to raise these claims on appeal would result in procedural default. Jackson v. Shanks, 143 F.3d 1313, 1318 (10th Cir. 1998). However, ineffective assistance claims are excepted from this rule. See Duncan v. Kerby, 115 N.M. 344, 346 (1993).

5. In this case, since his petition contains both exhausted and unexhausted claims, it constitutes a mixed petition and should be dismissed without prejudice to give Mr. Wright the opportunity to pursue the unexhausted claims in state court. However, Petitioner may instead choose to proceed with his petition containing only the exhausted claims, thereby waiving the unexhausted claims.

6. Pursuing exhaustion of claims in state court would mean delaying the federal habeas petition altogether pending exhaustion of all of Petitioner's claims, with the one-year statute of

---

[1] The initial petition was filed on October 12, 1999.

limitations still applying to all the claims in the petition, including those that have been exhausted.[2] Proceeding with his federal petition with only the exhausted claims would mean risking the loss of a chance to present the unexhausted claims later. See Tapia v. LeMaster, 172 F.3d 1193, 1195 (10th Cir. 1999) (petitioner who opts to have only exhausted claims heard is considered to have abandoned the unexhausted claims, and a subsequent petition containing those claims will be barred as a successive petition if he is unable to meet the requirements for filing another petition) (citing Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)).

7. This cause should be dismissed without prejudice to allow Petitioner to exhaust the supplemental, unexhausted claims in state court.[3]

**Recommendation**

I recommend that Respondents' Motion to Dismiss **[docket # 13]** be GRANTED and that this case be DISMISSED WITHOUT PREJUDICE based on nonexhaustion of claims.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of

---

[2] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year time limitation for filing petitions and mandated that the period begin to run on the "date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998)).

[3] However, if Petitioner wishes to proceed with the underlying petition solely on the exhausted claims, he may so notify the Court within the 10-day period allotted for the filing of objections to these findings, in order to avoid re-filing the petition following the final order of dismissal.

the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE